# LEGACY.

PATERSON *v.* ELLIS, 11 Wend. 259.

Opinion of Chancellor, id. 265.

*Legacy, Vested or Contingent.*

APPEAL from Chancery.

Ellis, the testator, directed by will made in 1811, in which year he died, that immediately after his decease, the sum of $20,000 should *be placed at interest in the name of his infant daughter*, E. E., either on public or private securities, and that the interest or income thereof should be received by his executors as the guardians of the estate of his daughter during her minority, and $500 of the interest to be paid annually to his wife, to be appropriated to the daughter's education and maintenance, unless she should marry before she arrived at full age, in which case the whole of the *interest to be paid to her.* The residue of the interest over the $500, to be invested, and then that the "*whole* of the said principal sum, together with the accumulation of the interest thereon, be at her *free and absolute disposal,* after *she shall attain the age of twenty-one years;*" if she should die before attaining twenty-one, leaving lawful issue,—her issue to be entitled to the portion before "*given to his daughter Emily, provided she shall attain the age of twenty-one years;* if one, the whole; and if more than one, share and share alike."

But if she died *before twenty-one,* "*and without leaving lawful issue,*" then, principal and interest to be distributed as he had provided with regard to the residue of his estate. Cross remainders are subsequently created between his sons and daughters in case of any dying before their shares vest, *without leaving lawful issue.*

The Chancellor held the legacy not vested, but contingent.

The Court of Errors held that the legacy of $20,000, with the interest was a *vested legacy;* that the limitation over in favor

of the residuary legatees, was "contrary to law, and void," as expressed in the decree. And the reporter adds in his marginal note : " that it was further held, that if the terms of the will conferred only a life interest in the daughter, the subsequent limitation over, being upon an *indefinite failure of issue,* was too remote, and therefore void, as an executory devise."

The opinion delivered by Ch. J. Savage, is a clear and able exposition of the English and American cases on this subject.

He says : " My conclusions upon the whole case are these :

" I. That the legacy of $20,000 and its interest became vested in the legatee, because, 1. It was separated from the estate of the testator. 2. It was invested in the name or for the benefit of the legatee. 3. The testator appointed guardians to manage his daughter's estate. 4. The interest was given to her use. 5. It is to be paid at 21, and be at her own absolute disposal.

" II. That the legacy having vested, it was not divested by the limitation over, because the absolute property passed by the will; it was not given to the legatee for life, but to be at her own free and absolute disposal, after she shall attain the age of 21 years.

" III. If, however, the will gives E. E. only an estate for life in the first part of the clause, the subsequent limitation over being upon *an indefinite failure of issue,* is too remote and therefore void as an executory devise."

The Chancellor in his opinion, (contained in the report,) fully admits that the *separation of the legacy from the mass of the estate,* &c., rendered it a vested legacy in the daughter, payable at a future day; but subject to the limitation contained in the latter clause of the bequest." p. 265.

Decree of Chancellor *reversed ;* 3 judges and 12 senators for *reversal,* 9 senators for *aff.*